Citation Nr: 1550127 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 13-04 319 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for a respiratory disability other than residuals of histoplasmosis as secondary to service-connected disease or injury.


REPRESENTATION

Veteran represented by: Teena Petro, Agent


ATTORNEY FOR THE BOARD

T. Minot, Associate Counsel


INTRODUCTION

The Veteran served on active duty from December 1970 to February 1972.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana, which denied service connection for residuals, multiple calcifications, both lungs to include chronic bronchitis, shortness of breath, pharyngitis, and laryngitis.

In October 2013, the Board granted service connection for residuals of histoplasmosis, to include lung calcifications in both lungs, and denied service connection for a respiratory disability other than residuals of histoplasmosis, to include emphysema and chronic obstructive pulmonary disease (COPD). The Veteran appealed the October 2013 Board decision denying service connection for a respiratory disability other than residuals of histoplasmosis to the United States Court of Appeals for Veterans Claims (Court). In December 2014, the Court issued a Memorandum Decision vacating the Board decision with respect to this issue and remanding the matter for further development consistent with the Court's decision.

In July 2015, the Board remanded the appeal in order to obtain updated VA treatment records and provide an addendum medical opinion. As discussed below, the Agency of Original Jurisdiction (AOJ) has substantially complied with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268 (1998).


FINDING OF FACT

The Veteran's respiratory disability other than residuals of histoplasmosis was not caused or aggravated by service-connected residuals of histoplasmosis.


CONCLUSION OF LAW

The Veteran's respiratory disability other than residuals of histoplasmosis is not proximately due to, the result of, or aggravated by service-connected residuals of histoplasmosis. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. § 3.310 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

VA's Duties to Notify & Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duties to notify and assist claimants in substantiating their claims for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. § 3.159 (2015).

VA is required to notify the claimant and his representative of any information, and any medical or lay evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In this case, the duty to notify was satisfied by a November 2009 letter sent to the Veteran prior to adjudication by the RO, and by a July 2010 letter notifying the Veteran of the RO's rating decision. In addition, the Board finds that the Veteran has had actual notice of the type of evidence needed to substantiate his claim, as evidenced by the arguments presented to the Court by his agent in advance of the Court's December 2014 Memorandum Decision.

The VCAA also requires VA to make reasonable efforts to help a claimant obtain evidence necessary to substantiate any claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c), (d). This "duty to assist" contemplates that VA will help a claimant obtain records relevant to his claim, whether or not the records are in Federal custody, and that VA will provide a medical examination or obtain an opinion when necessary to make a decision on the claims. 38 C.F.R. § 3.159(c)(4).

VA has fulfilled its duty to assist in obtaining identified and available evidence needed to substantiate the Veteran's claim. Service treatment records, post-service VA medical records, and lay statements have been associated with the record and have been reviewed by both the AOJ and the Board in connection with the claim. In addition, VA afforded the Veteran a medical examination in January 2013, in connection with his respiratory disability, and an addendum medical opinion was obtained in September 2015 which complies with the Board's July 2015 remand directives. Collectively, the examination report and opinions contain thorough and detailed findings addressing the pertinent considerations necessary to evaluate the claim. As such, the Board finds that additional VA examinations are unnecessary. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008). The Veteran has not identified any other outstanding records that are relevant to the issue herein decided.

For the reasons set forth above, the Board finds that VA has complied with the VCAA's notification and assistance requirements as to the claim decided herein. There is no additional evidence which needs to be obtained. The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran.

Law and Analysis

In its December 2014 Memorandum Decision, the Court directed the Board to consider the specific question of whether the Veteran's respiratory disability, to include emphysema and COPD, was aggravated by his service-connected histoplasmosis. The Board, in turn, remanded the appeal in order to obtain updated VA medical records and an addendum medical opinion, in compliance with the Court's directives. Updated records were obtained and an addendum opinion was provided in August 2015. Having reviewed all of the evidence, the Board finds that service connection on a secondary basis is not justified.

In general, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a).

Service connection is warranted for disability which is proximately due to, is the result of, or is aggravated by a service-connected disease or injury. 38 C.F.R. § 3.310(a), (b). Such secondary service connection is also warranted for any increase in severity of a nonservice-connected disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(b).

A review of the record reveals the following: During service, the Veteran received treatment for respiratory symptoms and was diagnosed with bronchitis, pharyngitis, and laryngitis. At his October 1972 separation examination, the examiner noted multiple calcifications in both lung fields, suggestive of old granulomatous disease.

The Veteran submitted his claim for service connection in September 2009. In January 2013, a VA pulmonary examination resulted in diagnoses of emphysema and COPD, as well as a history of histoplasmosis dating back to 1971. The examiner noted that the Veteran was found to have pulmonary granulomas at separation, and that he developed bronchitis during service. The Veteran also recalled having lung problems immediately after service, and reported being told that he had "pigeon poop" disease. On physical examination, mycotic lung lesions were noted but were observed to be healed and inactive. An X-ray revealed emphysematous changes but no active lung disease. The Veteran reported being unable to run after his dog or lift much of anything. Shortness of breath was noted upon mild activity. He denied using any medications.

After reviewing the Veteran's history, the examiner noted that his in-service symptoms, including bronchitis, were consistent with histoplasmosis, a granulomatous disease caused by inhaling the microscopic spores of the fungus Histoplasma capsulatum. On examination, however, the examiner noted that "[t]here is no evidence of pulmonary fibrosis on the Veteran's chest xrays, which would be prevalent with progressive histoplasmosis." The examiner opined that, in light of the stable histoplasmosis and the Veteran's 60 pack-year smoking history, his current respiratory symptomatology, to include COPD and emphysema, were less likely as not attributed to in-service histoplasmosis.

Pursuant to the Court's Memorandum Decision, the Board requested on remand that an addendum opinion be obtained to address "whether the Veteran's emphysema and COPD have been aggravated by his service-connected histoplasmosis." In an August 2015 addenda, the VA examiner stated:

Please note that the Veteran's service connected Histoplasmosis is an incidental radiographic finding on his chest xray. It is in NO way responsib[l]e for his current respiratory conditions of COPD and emphysema. In addition, the Veteran's chest x-ray and PFTs [pulmonary function tests] are NOT consistent with a histoplasmosis caused pulmonary condition. The[re] is NO evidence of pulmonary fibrosis or restrictive disease that would be found in such a case. Therefore, it is less likely as not that the Veteran's respiratory disorders of COPD and emphysema have been caused or aggravated by the finding of Histoplasmosis in the past.

Upon review, the credible evidence of record-particularly the VA opinions discussed above-demonstrates that there is no relationship between the Veteran's current respiratory symptoms, to include COPD and emphysema, and his history of histoplasmosis. The VA examiner clearly found that the Veteran's histoplasmosis was merely incidental and had no relationship whatsoever to his current symptoms. The examiner's opinions are well-reasoned, thorough, and are consistent with the Veteran's medical history. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2007) (most of the probative value of a medical opinion comes from its reasoning). Notably, the August 2015 addendum opinion explicitly addressed the question of whether the current symptoms were related to histoplasmosis (including causation and aggravation), finding in the negative. The Board accepts these well-reasoned findings by a medical professional. There is no additional medical evidence which calls the VA examiner's opinions into question.

The Board acknowledges the Veteran's assertion that his current respiratory symptoms are related to his history of histoplasmosis. See June 2011 Notice of Disagreement. However, while the Veteran is certainly competent to report facts within his personal observation, his lay testimony is not competent evidence of a medical link between his current symptomatology and a history of histoplasmosis. See Layno v. Brown, 6 Vet. App. 465, 470 (1994); Kahana v. Shinseki, 24 Vet. App. 428, 433 (2011). Furthermore, the Veteran has not alleged, and the evidence does not suggest, that any other medical professionals have linked histoplasmosis with his current symptomatology. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Here, there are no Jandreau type exceptions. The Veteran's statements as to his underlying lung pathology do not, therefore, constitute competent evidence that his histoplasmosis caused or aggravated his current symptoms.

In sum, as the preponderance of the evidence establishes that the Veteran's current respiratory disability, to include COPD and emphysema, was not caused or aggravated by a service-connected disease or injury, the benefit-of-the-doubt doctrine is not for application, and the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Service connection for respiratory disability, to include COPD and emphysema, as secondary to service-connected residuals of histoplasmosis, is denied.




____________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs